**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**OAKLAND CANNABIS BUYERS'**
**COOPERATIVE; Jeffrey Jones,**
**Defendants—Appellants.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Marin Alliance for Medical Marijuana;**
**Lynette Shaw, Defendants—**
**Appellants.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Ukiah Cannabis Buyer's Club; Cherrie**
**Lovett; Marvin Lehrman; Mildred**
**Lehrman, Defendants—Appellants.**

**Nos. 05–16466, 05–16547, 05–16556.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 13, 2007.

Mark T. Quinlivan, Asst. U.S. Atty., Boston, MA, for Plaintiff–Appellee.

Gerald F. Uelmen, Santa Clara University School of Law, Santa Clara, CA, Annette P. Carnegie, Heather A. Moser, Morrison & Foerster, LLP, San Francisco, CA, Randy E. Barnett, Georgetown University Law Center, Washington, D.C., and Robert A. Raich, Oakland, CA, for Defendants–Appellants Oakland Cannabis Buyers' Cooperative and Jeffrey Jones.

Greg Anton, Santa Rosa, CA, for Defendants–Appellants Marin Alliance for Medical Marijuana and Lynnette Shaw.

Susan B. Jordan, Ukiah, CA, for Defendants–Appellants Ukiah Cannabis Buyer's Club, Cherrie Lovett, Marvin Lehrman, and Mildred Lehrman.

Frederick L. Goss, Oakland, CA, for the amicus curiae.

Before: BRIGHT *, FARRIS, and THOMAS, Circuit Judges.

MEMORANDUM **

The Defendants appeal the district court's order permanently enjoining the defendants from distributing or manufacturing marijuana and conducting like activities pursuant to the California Compassionate Use Act of 1996. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court properly concluded that the placement of marijuana in Schedule I of the Controlled Substances Act satisfies rational basis review. The rational basis standard is a familiar one: courts review challenged legislation with the presumption that it will be found valid unless it bears no rational relationship to a legitimate legislative purpose. *See, e.g., Williamson v. Lee Optical, Inc.,* 348 U.S. 483, 485–88, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *United States v. Carolene Prods. Co.,* 304 U.S. 144, 152–54, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld ... if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). "A statute is presumed constitutional [ ] ... and '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" *Heller v.*

*Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973) (internal quotation marks omitted) (second alteration in original)). Rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns,* 508 U.S. at 313, 113 S.Ct. 2096.

Applying this standard we have previously concluded that the classification of marijuana in Schedule I of the Controlled Substances Act is constitutional. *United States v. Miroyan,* 577 F.2d 489, 495 (9th Cir.1978). Although, as the Defendants point out, new information has been developed concerning the use of marijuana since 1978, the developments have not "left its central holding obsolete." *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833, 860, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). Indeed, the Supreme Court recently reinforced this conclusion by upholding Congressional authority to regulate locally cultivated medical marijuana. *Gonzales v. Raich,* 545 U.S. 1, 9, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). In so doing, the Court stated that it "ha[d] no difficulty concluding that Congress acted rationally in determining that none of the characteristics making up the purported class [seriously ill California residents who have been prescribed medical marijuana] ... compelled an exemption from the CSA; rather, th[is] ... class of activities ... was an essential part of the larger regulatory scheme" of the CSA. *Id.* at 26–27, 125 S.Ct. 2195.

In sum, *Miroyan* controls this issue and precludes Defendants' rational basis argument.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## II

■ The district court also properly concluded that the Oakland Cannabis Buyer's Cooperative ("Cooperative") is not immune from the reach of the Controlled Substances Act pursuant to 21 U.S.C. § 885(d). In *United States v. Rosenthal,* 454 F.3d 943 (9th Cir.2006), we addressed this issue and concluded that the very ordinance at issue here did not afford immunity to a marijuana cultivator who was an agent of the Cooperative. Although this case does not involve a cultivator, we cannot draw a principled distinction between our case and *Rosenthal.* In *Rosenthal,* we "reject[ed] the premise that an ordinance such as the one Oakland enacted can shield a defendant from prosecution for violation of federal drug laws." *Id.* at 948 (emphasis omitted). That premise forms the core of the argument here. Therefore, the district court was correct to apply *Rosenthal* and hold that the Cooperative was not immune under § 885(d).

## III

■ The district court also properly rejected the "joint user" defense pursuant to *United States v. Swiderski,* 548 F.2d 445 (2d Cir.1977). Assuming, without deciding, that we were to adopt *Swiderski* as the operative rule in the Circuit, the rule does not apply to the mass simultaneous acquisition of a drug by numerous individuals. *See United States v. Wright,* 593 F.2d 105, 108 (9th Cir.1979) (expressing no opinion as to whether *Swiderski* applied in this Circuit, but declining to apply it beyond cases "in which two individuals proceeded together to a place where they simultaneously purchased a controlled substance for their personal use").

## IV

Under our deferential standard of review, we see no abuse of the district court's discretion in granting a permanent injunction. Our careful review of the rec-ord shows that the district court carefully weighed all of the relevant equitable factors and correctly analyzed applicable law.

**AFFIRMED.**